IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TYRESE SHAROD SMITH,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Civil Case No. 2:20-cv-559-TC<br>Criminal Case No. 2:02-cv-289-TC |

In 2002, a grand jury indicted Petitioner Tyrese Smith on three counts: conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity (18 U.S.C. § 1962(d)); aiding and abetting murder in aid of racketeering activity (18 U.S.C. § 2 and § 1959(a)(1) (referred to as a violent crime in aid of racketeering, or VICAR));[1] and aiding and abetting use of a firearm in relation to a crime of violence (18 U.S.C. § 924(c)).[2] In May 2003, a jury found him guilty on all three counts.[3] The court sentenced him to life imprisonment in October 2003.[4]

---

[1] Mr. Smith incorrectly asserts the jury convicted him of *conspiracy* to aid and abet murder in aid of racketeering. (See Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody at 20, ECF No. 1.)
[2] See Second Superceding Indictment, ECF No. 228 in United States v. Smith, 2:02-cr-289-TC (D. Utah).
[3] See May 14, 2003 Verdict, ECF No. 743 in United States v. Smith.
[4] See Judgment in a Criminal Case, ECF No. 884 in United States v. Smith.

Mr. Smith has filed a motion under 28 U.S.C. § 2255 (Petition)[5] challenging his conviction for violation of § 924(c).[6] In his Petition, he relies on the United States Supreme Court's 2019 decision in United States v. Davis, 139 S. Ct. 2319 (2019), which he asserts invalidated the basis for his conviction.

In order to obtain a conviction under § 924(c), the United States must prove the defendant committed a predicate "crime of violence." In Count Three—the § 924(c) count—the Government alleged the predicate crime of aiding and abetting murder in aid of racketeering (the act described in Count Two). Before Davis, § 924(c) defined "crime of violence" in two different ways: through the "elements clause" in § 924(c)(3)(A), on the one hand, and through the "residual clause" in § 924(c)(3)(B), on the other hand. Davis invalidated the residual clause after finding it unconstitutionally vague. The Court's ruling did not affect the validity of subsection (c)(3)(A).

The Government, in its opposition to the Petition, maintains that the Indictment's § 924(c) charge, and Mr. Smith's subsequent conviction, did not rely on the invalidated residual clause to define "aiding and abetting murder in aid of racketeering" as a "crime of violence." It also argues that the predicate crime underlying Mr. Smith's § 924(c) conviction is, by its nature and elements, a crime of violence. The court need not resolve those issues.

Mr. Smith requests relief that would have no effect on his overall sentence. Although the jury found Mr. Smith guilty on all counts, the court sentenced him to life in prison for his conviction under Count Two for aiding and abetting murder in aid of racketeering activity (the

---

[5] ECF No. 1.
[6] The Tenth Circuit Court of Appeals granted him permission to file a second or successive § 2255 motion challenging his § 924(c) conviction and sentence. (See May 22, 2020 Order, ECF No. 1149 in United States v. Smith.)

VICAR count). The court based Mr. Smith's sentence on the statute's requirement that a person committing murder in aid of racketeering "shall be punished … by death or life imprisonment, or a fine under this title, or both[.]" 18 U.S.C. § 1959(a)(1).[7] Given his life sentence, any additional sentence the court may have imposed for his violation of § 924(c) would have been superfluous. Accordingly, because a decision granting Mr. Smith's petition to vacate his conviction under § 924(c) would have no impact on his life sentence, the court declines to grant the relief he seeks.

If Mr. Smith wishes to appeal this decision, he must obtain a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1); United States v. Gonzalez, 596 F.3d 1228, 1241 (10th Cir. 2010) ("The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion."). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the district court denies the petition on procedural grounds, the petitioner must show, at a minimum, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Because the court finds Mr. Smith cannot satisfy either standard, the court declines to issue a COA.

---

[7] Although the jury convicted Mr. Smith of "aiding and abetting" murder in aid of racketeering, the punishment remains the same. "'Aiding and abetting under 18 U.S.C. § 2, is not a separate federal crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense. A person who aids, abets, counsels, commands, induces or procures the commission of an offense is punishable as a principal.'" United States v. Deiter, 890 F.3d 1203, 1215 (10th Cir. 2018) (quoting In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016)).

## ORDER

The court DENIES Mr. Smith's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Court (ECF No. 1).

SO ORDERED this 20th day of August, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge